IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| REBECCA NELSON,<br><br>Plaintiff,<br><br>vs.<br><br>SRS DISTRIBUTION, INC. d/b/a<br>SRS BUILDING PRODUCTS<br><br>Defendant. | Case No.: |

**COMPLAINT**

Plaintiff, REBECCA NELSON ("Nelson" or "Plaintiff") sues Defendant, SRS DISTRIBUTION, INC. d/b/a SRS BUILDING PRODUCTS ("SRS" or "Defendant"), and alleges:

**NATURE OF CLAIMS**

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. 760 *et seq*. ("FCRA") for sex discrimination and retaliation.

**JURISDICTION AND VENUE**

2. This action arises under Title VII prohibiting employment discrimination and retaliation based on gender. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's claim under the FCRA, pursuant to 28 U.S.C. § 1367(a), because that claim forms part of the same case or controversy.

3. Plaintiff Rebecca Nelson is a resident and citizen of Sarasota County, Florida.

4. Defendant conducts business throughout the State of Florida and operates a branch located at 19910 Veterans Boulevard, Port Charlotte, Florida, 33954.

5. Venue is proper in the Middle District of Florida, Fort Myers Division. At all material times, Defendant employed Plaintiff at its Port Charlotte branch and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

6. On September 29, 2025, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A copy of the Charge of Discrimination is attached hereto as Exhibit "A".

7. On July 22, 2026, the EEOC issued a Dismissal and Notice of Rights advising Plaintiff of her right to bring suit within ninety days after receipt of the notice.

8. All conditions precedent to bringing this action have been performed or have occurred.

**STATEMENT OF FACTS**

9. Plaintiff worked for Sunniland Corporation ("Sunniland") for approximately seventeen years and was promoted to Branch Manager in 2017.

10. In approximately September 2023, Defendant acquired Sunniland and Plaintiff continued in her position as Branch Manager under Defendant's ownership.

11. Plaintiff was the only female Branch Manager in her district among approximately nine to twelve Branch Managers.

12. In February 2025, Defendant assigned Frank Iammarino ("Iammarino") as Regional Manager over Plaintiff's branch and other branches in Southwest Florida.

13. Iammarino routinely avoided Plaintiff's branch, excluded her from important performance reviews, cancelled meetings with Plaintiff, disregarded her communications, and treated her with less respect than their male counterparts.

14. On or about March 28, 2025, Plaintiff made a formal internal complaint to Defendant's Human Resources department that she was experiencing sex discrimination by Iammarino and Regional Vice President Zachary Grossman ("Grossman").

15. Within approximately two weeks after Plaintiff's complaint, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP").

16. Plaintiff had no prior formal disciplinary history.

17. Plaintiff complied with the PIP and received no further criticism.

18. After the PIP period ended in June 2025, Iammarino gave her an ultimatum: accept a demotion to an office position or be terminated.

19. Plaintiff accepted the demotion because she needed to remain employed.

20. Defendant replaced Plaintiff as Branch Manager with Ryan Gorecki, a younger, less qualified male who had been an Assistant Manager at Defendant's Tampa branch.

21. As a result of her demotion, Plaintiff lost at least $30,000.00 in annual compensation and no longer received commissions.

22. Defendant asserted that Plaintiff's demotion resulted from alleged branch underperformance and purported deficiencies identified in the PIP.

23. Defendant's stated reasons for her demotion were pretextual.

**COUNT I**
**SEX DISCRIMINATION IN VIOLATION OF TITLE VII**
**42 U.S.C. § 2000e-2**

24. Plaintiff realleges and incorporates paragraphs 1–23.

25. Title VII prohibits an employer from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's sex. 42 USCS § 2000e-2.

26. Plaintiff is female.

27. Plaintiff was qualified for her Branch Manager position, having served as a Branch Manager since 2017 and having remained in that position following Defendant's acquisition of Sunniland.

28. Defendant subjected Plaintiff to adverse employment actions, including unequal treatment, placement on a PIP, demotion, a substantial reduction in compensation, and loss of commissions.

29. Defendant replaced Plaintiff with a less experienced male employee.

30. Plaintiff alleges that Defendant treated male Branch Managers more favorably, including by affording them assistance and treatment that Defendant denied Plaintiff.

31. Defendant discriminated against Plaintiff because of her sex in violation of Title VII.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**
**42 U.S.C. § 2000e-3(a)**

32. Plaintiff realleges and incorporates paragraphs 1–23.

33. Plaintiff engaged in protected activity when she complained to Defendant's Human Resources department that she was subjected to sex discrimination by Defendant's management.

34. Title VII prohibits an employer from discriminating against an employee because the employee opposed a practice made unlawful by Title VII or participated in an investigation, proceeding, or hearing under Title VII.

35. Defendant placed Plaintiff on a PIP within approximately two weeks after Plaintiff's complaint of discrimination.

36. Defendant subsequently demoted Plaintiff, reduced her annual compensation by approximately $30,000.00, eliminated her commissions, and replaced her with a less experienced male employee.

37. The close timing between Plaintiff's protected complaint and the PIP, together with Defendant's subsequent demotion of Plaintiff and replacement of her with a younger male employee, supports an inference that Defendant retaliated against Plaintiff for her protected activity.

38. Defendant's stated performance-based reasons for the PIP and demotion were pretextual.

39. Defendant retaliated against Plaintiff because she complained of sex discrimination, in violation of Title VII.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief under both Count I and Count II:

a. Back pay, including lost wages, commissions, benefits, and other compensation;

b. Front pay or reinstatement to the position of Branch Manager, as appropriate;

c. Compensatory damages as permitted by law;

d. Liquidated damages as permitted by law;

e. Prejudgment and post-judgment interest as permitted by law;

f. Reasonable attorney's fees and taxable costs as permitted by law;

g. Trial by jury on all issues so triable; and

h. Such other and further relief as the Court deems just and proper.

## COUNT III
## SEX DISCRIMINATION IN VIOLATION OF FCRA

40. Plaintiff realleges and incorporates paragraphs 1–23.

41. FCRA prohibits an employer from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's sex. § 760.10(1)(a), Fla. Stat.

42. Plaintiff is female.

43. Plaintiff was qualified for her Branch Manager position, having served as a Branch Manager since 2017 and having remained in that position following Defendant's acquisition of Sunniland.

44. Defendant subjected Plaintiff to adverse employment actions, including unequal treatment, placement on a PIP, demotion, a substantial reduction in compensation, and loss of commissions.

45. Defendant replaced Plaintiff with a less experienced male employee.

46. Plaintiff alleges that Defendant treated male Branch Managers more favorably, including by affording them assistance and treatment that Defendant denied Plaintiff.

47. Defendant discriminated against Plaintiff because of her sex in violation of FCRA.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

48. Plaintiff realleges and incorporates paragraphs 1–23.

49. Plaintiff engaged in protected activity when she complained to Defendant's Human Resources department that she was subjected to sex discrimination by Defendant's management.

50. FCRA prohibits an employer from discriminating against an employee because the employee opposed a practice made unlawful by FCRA or participated in an investigation, proceeding, or hearing under FCRA.

51. Defendant placed Plaintiff on a PIP within approximately two weeks after Plaintiff's complaint of discrimination.

52. Defendant subsequently demoted Plaintiff, reduced her annual compensation by approximately $30,000.00, eliminated her commissions, and replaced her with a less experienced male employee.

53. The close timing between Plaintiff's protected complaint and the PIP, together with Defendant's subsequent demotion of Plaintiff and replacement of her with a younger male employee, supports an inference that Defendant retaliated against Plaintiff for her protected activity.

54. Defendant's stated performance-based reasons for the PIP and demotion were pretextual.

55. Defendant retaliated against Plaintiff because she complained of sex discrimination, in violation of FCRA.

**WHEREFORE**, Plaintiff prays for the following relief under both Count III and Count IV:

a. Awarding Plaintiff back pay;
b. Awarding Plaintiff the value of lost benefits;
c. Awarding Plaintiff compensatory damages, including, but not limited to damages for mental anguish and loss of dignity;
d. Awarding Plaintiff punitive damages in the amount of $100,000;
e. Awarding Plaintiff reasonable attorney's fees and costs;
f. Awarding Plaintiff prejudgment interest; and
g. Ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: October 14, 2026

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017